DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Basil Merrelli has appealed from the judgment of the Akron Municipal Court that overruled his motion for an acquittal. This Court reverses.
 I {¶ 2} In July 2004, a complaint was issued against Defendant-Appellant Basil Merrelli for loitering to engage in solicitation in violation of Akron City Code 133.091(A)(4). A jury trial was set for January 6, 2005.[1] The jury subsequently found Appellant guilty of loitering to engage in solicitation. On January 20, 2005, Appellant filed a motion for acquittal or in the alternative motion for a new trial. The trial court overruled Appellant's motion on February 7, 2005.
 {¶ 3} Appellant has timely appealed the trial court's ruling on his motion, asserting three assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RENEWED CRIM.R. 29 MOTION FOR ACQUITTAL."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court erred in denying his motion for acquittal. Specifically, Appellant has argued that his conviction was based on insufficient evidence. We agree.
 {¶ 5} When reviewing the legal sufficiency of the evidence to support a conviction, it is the function of this Court:
"[T]o examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. (Citations omitted). A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387.
 {¶ 7} Appellant was charged with loitering to engage in solicitation in violation of Akron City Code 133.091(A)(4). Pursuant to Akron City Code 133.091:
"A. No person, with purpose to solicit another to engage in sexual activity for hire and while in or near a public place, shall do any of the following:
"* * *
"4. If the offender is the operator of or a passenger in a vehicle, stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter the vehicle of which the offender is the operator or in which the offender is the passenger[.]"
 {¶ 8} A review of the transcript establishes that the prosecution presented testimony from two Akron police officers who testified that they first observed Appellant and a woman the officers knew was a prostitute around 12:45 a.m. in a closed gas station parking lot talking; Appellant was sitting in his parked vehicle and the woman was outside the passenger door area of the vehicle. The officer's testimony revealed that they arrived at the scene after the woman was outside Appellant's vehicle; therefore, they did not witness how or why the woman came to be outside Appellant's vehicle talking to him.
 {¶ 9} After the prosecution rested its case, Appellant made a Crim.R. 29 motion arguing that the prosecution failed to establish the elements of loitering to engage in solicitation. Both parties presented oral arguments and after taking a brief recess to consider the motion, the trial court denied Appellant's Crim.R 29 motion.
 {¶ 10} We find that the trial court erred when it denied Appellant's Crim.R. 29 motion. Appellant was charged under Akron City Code 133.091, specifically under section (A)(4) which requires that an operator or passenger in a vehicle "stop, attempt to stop, beckon to, attempt to beckon to, or entice another to approach or enter [their] vehicle[.]" It is undisputed that the neither officer on the scene witnessed Appellant stop, beckon to, or entice the woman to approach his vehicle. In fact, the record is void of any testimony as to how the woman came to be standing outside Appellant's vehicle. This Court recognizes that the law often allows one to make conclusions based on circumstantial evidence, but under the facts of this case and the present charges under Akron City Code 133.091(A)(4) we cannot find that there was sufficient evidence to support a conviction. In order to be convicted under Akron City Code 133.091(A)(4) Appellant had to be the cause of the woman standing outside his vehicle, not her approaching the vehicle of her own volition. Even when viewed in a light most favorable to the prosecution the record does not sufficiently establish the charge.
 {¶ 11} Based on the foregoing, specifically that Appellant was charged under Akron City Code 133.091(A)(4) and the evidence presented at trial, we find that no rational trier of fact could find Appellant guilty as he was charged in the complaint. Accordingly, Appellant's first assignment of error has merit.
 Assignment of Error Number Two
"WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S OBJECTIONS AGAINST THE PROSECUTION'S NEGATIVE COMMENTS ON THE FACT THAT, PURSUANT TO HIS RIGHTS UNDER THE FIFTH AMENDMENT, APPELLANT CHOSE NOT TO TESTIFY?"
 Assignment of Error Number Three
"WHETHER THE TRIAL COURT ERRED WHEN IT PROVIDED THE JURY WITH AN INSTRUCTION THAT ALLOWED THEM TO FIND APPELLANT GUILTY OF A SUBSECTION OF THE ORDINANCE THAT HE WAS NEVER CHARGED WITH VIOLATING?"
 {¶ 12} In his second assignment of error, Appellant has argued that the trial court erred in allowing the prosecution to comment on his decision not to testify on his own behalf. In his third assignment of error, Appellant has argued that the trial court erred in its jury instructions. Given this Court's resolution of Appellant's first assignment of error, his second and third assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III {¶ 13} Appellant's first assignment of error is sustained. Appellant's second and third assignments of error are moot. The judgment of the trial court is reversed and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] Another complaint for solicitation was issued against Appellant on October 25, 2004. Prior to the trial and upon motion of the prosecutor, the trial court dismissed the second solicitation count.